By the court.
Johnson, J.
The custom which has obtained, as has been given in evidence by the late surveyor general, is not founded" in law, and cannot receive the sanction of this court. It is a very absurd thing to say, that every deputy surveyor, formerly appointed, shall be lawfully entitled to act as such until specially forbidden. The surveyor general is made expressly liable for the conduct of every one who shall act as his deputy, and, therefore, he ought to know who are his- deputies. He ought to have' the *32 c^°’ce an!^ appointment of them ; and they cannot be his deputies unless he actually appoints them. And he ought to take bond and' security from them ; and to administer to them, respectively, the-oath of office. It is clear that Bredin, in this case, acted without c ’ ’ any lawful authority. He had no commission from the surveyor general, that then was, to survey and certify the land and plat in question, and in doing so, he assumed a character that did not belong to him : and, therefore, I am of opinion, that the survey, plat} and certificate; cannot authorize the issuing of a grant for the land to Carwell, who ought to have taken care to procure the due and lawful execution of his • location warrant, by a lawful officer duly qualified, and not by an imposter. If the grant had actually issued to Carwell, I should not think this court had any power to overset the grant; and evidence to impeach its validity on this ground, would not be admitted. But this is a proceeding in a court of caveats,, in which the regularity and validity of the survey, plat, and certificate, pomes properly in question, in order to ascertain which of these parties is entitled to a grant for the land in dispute; the objection, therefore, is properly taken, and must prevail.
Brevard and Falconer, for the caveator. Brown and Perkins, for the caveatee.
Judgment in support of the caveat.
These proceedings being fully certified by the clerk of Kershaw district court, under the seal of the court, and the grounds upon which the court decided in favor of Kent, to the secretary’s office, the-grant was made out and passed to Kent.
See act of Assembly, 1785. P. L. 394. Act of Assembly, 1791. 1 Faust, 166.